UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 1:25-CV-00049-CRS-LLK

KENNETH E. PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kenneth E., suffers from certain physical and mental ailments. He applied for disability and supplemental security income benefits based on those ailments. The administrative law judge (the "ALJ") who heard his case found that Plaintiff is not disabled as defined by the Social Security Act; thus, he does not qualify for benefits. Plaintiff contends that the ALJ's decision should be reversed for failure to comply with 20 C.F.R. § 404.1520c(b)(2). That regulation relates to an ALJ's obligation to evaluate and rate the degree of persuasiveness of a medical source's opinion about a claimant's physical or mental impairments. Ratings are typically described as (1) very persuasive, (2) partially persuasive, or (3) unpersuasive. An ALJ's rating is based on five factors. Section 404.1520c(b)(2) requires ALJs to articulate how they considered two of the five factors: supportability and consistency. According to Plaintiff, the ALJ did not do so with respect to two of his mental healthcare providers' opinions, so he sought judicial review. The matter was referred to United States Magistrate Judge Lanny L. King for a report and recommendation. The magistrate judge rejected Plaintiff's arguments and recommended that the Court affirm the denial of benefits. 07/31/26 Report and Recommendation, DN 19 (the "Report"). The matter is now before the Court on Plaintiff's Objections to the Report. For the reasons set forth below, Plaintiff's Objections will be overruled.

**PROCEDURAL HISTORY**

On June 22, 2022, Plaintiff proactively filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging a disability onset date of January 1, 2021. 03/19/24 ALJ Decision, Admin. Rec., DN 11 at PageID# 48. Following the denial of

his applications at the initial and reconsideration stages, Plaintiff was granted a hearing before an ALJ. *Id.* at PageID# 48. The ALJ conducted a telephonic hearing on October 19, 2023. *Id.* On March 17, 2024, the ALJ issued an unfavorable decision. The ALJ followed the requisite five-step process for evaluating a claim and concluded that Plaintiff was not disabled from the alleged onset date through the date of decision. *Id.* at PageID# 50-58. The Appeals Council denied Plaintiff's request for review on February 4, 2025. 02/04/25 Notice of Appeals Council Action, Admin. Rec., DN 11, at PageID# 31. On April 10, 2025, Plaintiff initiated this action for judicial review of the ALJ's decision. Complaint, DN 1. The Court referred the matter to United States Magistrate Judge Lanny King who filed his Report, recommending affirmance of the ALJ's decision. Report, DN 19, at PageID# 1495. Plaintiff timely filed Objections to the Report on August 14, 2026, DN 20. The Commissioner timely filed his Response to those Objections, DN 21, rendering the Objections ripe for review.

**<u>APPLICABLE STANDARDS OF REVIEW</u>**

An ALJ's decision is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). Federal law permits a district court judge to refer such review to a magistrate judge to issue a report containing "proposed findings of fact and recommendations for the disposition . . . ." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's report within fourteen (14) days. *Id.* Objections are resolved by the district court judge. Their purpose is to enable the district court judge "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 148 (1985). Stated another way, permitting objections is meant to provide the district court "with the opportunity to consider the specific contentions of the parties and correct any errors immediately." *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Accordingly, "a general objection to the entirety of a magistrate's report, without specifying a single issue of contention," is treated the same as a failure to object. *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991). Likewise, "[b]are disagreement with the conclusions

reached by the Magistrate Judge, without any effort to identify any specific errors . . . that, if corrected might warrant a different outcome, is tantamount to an outright failure to lodge objections . . . ." *Depweg v. Comm'r of Soc. Sec.*, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard*, 932 F.2d at 509). This is so because "the district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard*, 932 F.2d at 509.

In this case, Plaintiff's Objections may be fairly read as little more than a disagreement with the magistrate judge's decision. Plaintiff couches his Objections as magistrate-judge error but their substance essentially consists of the same errors he assigned to the ALJ. Nonetheless, the Court turns its attention to Plaintiff's Objections.

## ANALYSIS

In making a benefits determination, an ALJ must review and rate all medical opinions as to how persuasive he finds them. 20 C.F.R. § 404.1520c(b); *see also Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). To rate an opinion, an ALJ considers five factors: (1) supportability; (2) consistency; (3) the source's relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, and examining relationship; (4) the source's specialization; and (5) any other factors that tend to support or contradict a medical opinion. 20 C.F.R § 404.1520c(c)(1)-(5). The first two factors are the most important; thus, ALJs must expressly explain how they considered those factors:

> . . . we will explain how we considered the supportability and consistency factors for a medical source's opinion . . . in your determination or decision.

20 C.F.R. § 404.1520c(b)(2). As such, the regulation creates an articulation requirement. Consistent with the enabling statute, this articulation requirement is not meant to be burdensome. Instead, it is meant to further the intent of its underlying enabling statute by generally requiring a personalized articulation of the evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evid., 82 Fed. Reg. 5844-01 at *5859 (discussing enabling statute 42 U.S.C. § 405(b)). Thus, an ALJ's written

decision should include both an assessment of a medical source's opinion in light of that source's medical records (supportability) and an assessment as to the degree of consistency between a source's opinion and the medical evidence contained in the records of other providers (consistency). *Id.* Conceptually, "[t]he supportability factor requires an *internal* analysis of the objective medical evidence and the supporting explanations from the source itself, while the consistency factor demands an *external* analysis of the opinion in comparison to evidence from other sources. *Debora C. v. Kijakazi*, 2023 WL 4852336, at *4 (W.D. Ky. July 7, 2023), *report and rec. adopted,* 2023 WL 4851886 (W.D. Ky. July 28, 2023) (emphasis in original) (citing § 404.1520c(b)(1)-(2)). Finally, the reasons for the ALJ's supportability and consistency conclusions must be stated in a manner that allows one to "trace the path of the ALJ's reasoning" from evidence to conclusion. *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011). If an ALJ discusses both consistency and supportability and substantial evidence supports that discussion, then the court may not disturb the ALJ's findings. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (judicial review limited to whether ALJ decision "is supported by substantial evidence and was made pursuant to proper legal standards.").

**A. Plaintiff's Arguments Below and the Magistrate Judge's Report**

In this case, Plaintiff contends that the ALJ's decision was not made pursuant to proper legal standards because his decision did not satisfy the articulation requirement set out by § 404.1520c(b)(2). More specifically, he takes issue with the ALJ's evaluation of two opinions: one rendered by his therapist, Melissa Costa, and a second one rendered by state-agency examiner, Dr. Kathy Seigler. Plaintiff maintains that the ALJ failed to address, or sufficiently address, consistency and supportability with respect to both opinions. Plaintiff's focus on Dr. Seigler's opinion is driven by his contention that had the ALJ found it entirely persuasive, Plaintiff would be entitled to benefits under 20 C.F.R. Part 404, Supt. P, Listing 12.04. Plaintiff's Brief, DN 14, at PageID# 1455. Thus, Plaintiff contends that the ALJ's failure to comply with § 404.1520c(b)(2) warrants a benefits award. *Id.* at PageID# 1457. Additionally, Plaintiff seeks a reversal based on the ALJ's alleged, similar failure to properly address

Costa's opinion. *Id.* More particularly, Plaintiff faults the ALJ for discrediting Costa's opinion because of its check-box form, for failing to evaluate it for consistency with the medical evidence, and for failing to look outside the four corners of her opinion to determine if were supported by her treatment records. *Id.* at PageID# 1456-57.

The magistrate judge reviewed the ALJ's decision in light of Plaintiff's challenges and found that the ALJ complied with § 404.1520c(b)(2). More specifically, the magistrate judge concluded that "when read as a whole," the ALJ's decision articulates "'an accurate and logical bridge between the evidence and [the ALJ's] conclusion[s].'" Report, DN 19, at PageID# 1495 (citations omitted). That is, the magistrate judge found that the ALJ's decision included both a supportability and a consistency assessment with respect to both Dr. Seigler's and Costa's opinions. And when those assessments are read together with the ALJ's persuasiveness ratings, it is possible to determine the grounds for the ALJ's ratings in light of the consistency and supportability factors. Indeed, that is the upshot of the read-as-a-whole doctrine, *i.e.*, an ALJ's assessment of a medical source's opinion may span multiple sections of his written decision. Report, DN 19, at PageID# 1493 (citations omitted). Thus, the magistrate judge found that the ALJ's decision sufficed, Plaintiff's contrary arguments were meritless, and that the denial of benefits should be affirmed. *Id.* at PageID# 1494-95.

The magistrate judge also rejected Plaintiff's discrete arguments with respect to both Dr. Seigler's opinion and Costa's opinion. As for the evaluation of Dr. Seigler's opinion, Plaintiff challenged the ALJ's conclusion that her own records did not support her findings of marked limitations, arguing that the ALJ's reasoning was insufficient and that there was no basis on which to conclude that the marked findings were grounded in subjective complaints as opposed to objective findings. Plaintiff's Brief, DN 14, at PageID# 1454. The magistrate judge's Report illustrates that the opposite is true: the ALJ's decision showed why Dr. Seigler's examination findings did not support marked findings. Report, DN 19, at PageID# 1492-93. Next, Plaintiff challenged the ALJ's having discredited Costa's opinion based on its check-box form, arguing that the ALJ's evaluation's was

limited to that critique and, thus, it was too narrow, running afoul of the ALJ's duty to evaluate the medical evidence as whole. Plaintiff's Brief, DN 14, at PageID# 1456-57. As the magistrate judge rightly explained, discrediting an opinion based its check-box form is proper under the law in this Circuit. Report, DN 19, at PageID# 1494 (citing *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016)). At the same time, the Report also demonstrates that the ALJ addressed both consistency and supportability with respect to Costa's opinion based on the ALJ's review of the entire record. *Id.* Nonetheless, Plaintiff now objects to the magistrate judge's rationale.

**B. Plaintiff's Objections to the Magistrate Judge's Report**

Plaintiff's Objections do little more than express his disagreement with the magistrate judge's result, particularly as the grounds for his Objections are the same grounds Plaintiff raised as the reasons why the court should reverse the ALJ. To the extent that the Objections clear the bar from a general disagreement to identification of specific error, they are unavailing.

**1. Dr. Kathy Seigler's Opinion**

As noted above, the magistrate judge concluded that the ALJ's decision as to Dr. Seigler's opinion complies with § 404.1520c(b)(2). Plaintiff contends that the magistrate judge erred in reaching this conclusion because those portions of the ALJ's decision on which the magistrate judge relied do not comprise a consistency rationale at all, much less a rationale that satisfies the regulation. Plaintiff's Brief, DN 14, at PageID# 1451-53. In other words, according to Plaintiff, the ALJ's decision did not satisfy the regulation so it was impossible for the magistrate judge to reach a contrary conclusion. Yet, his argument is not developed. Plaintiff has not shown that the ALJ merely recited medical records. He simply asserts that the ALJ did so. Thus, his objection to the magistrate judge's Report barely suffices to warrant review as it does little more than express disagreement with the magistrate judge's conclusion. *Depweg*, 2015 WL 5014361, at *1. At best, Plaintiff contends that the magistrate judge erred in fact by finding something that does not exist. That

contention is demonstrably incorrect, as illustrated by both the magistrate's Report and the ALJ's decision.

Dr. Seigler examined Plaintiff on November 2, 2022. She concluded that Plaintiff has "moderate to marked" limitations with respect to the following:

- His ability to sustain attention, concentration and persistence for 8 hours/day;
- His ability to interact appropriately to [sic] the public, coworkers and supervisors in work setting: and
- His ability to tolerate work stress, adapt and be flexible.

11/02/22 Examination Report, Admin. Rec., DN 11 at PageID# 810. The ALJ discredited those conclusions to the extent that they comprised findings of "marked" limitations: "Dr. Kathy Seigler is persuasive as to the claimant's moderate mental limitations, but ***neither her examination nor the treatment record*** supports marked limitations." 03/19/24 Decision, Admin. Rec., DN 11, at PageID# 56 (emphasis added). The ALJ also concluded that because her observations of Plaintiff did not support marked findings, they "appear[ed]" to be "based largely on" Plaintiff's subjective "reporting." *Id.*

The pathway to the ALJ's conclusions can be found in earlier parts of his decision. With citations to the record, the ALJ assessed and summarized the record of Plaintiff's mental health problems for the relevant time period of January 1, 2021 through the date of decision. *Id.* at PageID# 54-55. Then, after expressly noting that he had evaluated "the longitudinal record," the ALJ reached these conclusions:

- Plaintiff "has been stable since his brief hospitalizations in 2021."
- Plaintiff's treatment notes do not indicate that he has either poor memory or poor concentration.
- Plaintiff has not displayed symptoms of suicidal or homicidal ideation.

- Plaintiff has not displayed any symptoms "that would indicate a marked mental limitation."

03/19/24 Decision, Admin. Rec., DN 11, at PageID# 55. In short, the ALJ found that after 2021, Plaintiff's symptoms began to improve and, over time, while he continued to exhibit depression and anxiety, his more severe problems had dissipated and his medications were helping. *Id.* at PageID# 54-55 (citations omitted). Based on that assessment, as well as the above-listed findings, the ALJ concluded that Plaintiff could perform simple work in a low stress environment. *Id.*

To the extent that Dr. Seigler found marked limitations, her opinion was at odds with the medical records that support the ALJ's conclusions. Her opinion was also at odds with her own examination results, which the ALJ also explained:

> The claimant underwent a psychological consultative examination in November 2022 (Ex. 9F). His attention was normal in this examination as well, though he had mild difficulty concentrating. His mental status was normal except for a restricted affect and neutral mood. . . . His examination was largely unremarkable, though he reported a wide range of symptoms that are not reflected in the examiner's observations.

*Id.* at PageID# 55. True, these grounds are found on pages that precede the ALJ's persuasiveness rating of Dr. Seigler's opinion. However, as noted above, given the applicability of the read-as-a-whole doctrine, the ALJ was not required to package his rating together with the grounds for it. Indeed, Plaintiff does not dispute the applicability of the read-as-a-whole doctrine. Quite the contrary, he has conceded the point. Objections, DN 20, at PageID# 1502 (plaintiff "does not argue that the Court must consider the ALJ's decision as a whole.").

Moreover, as the Court has explained, the Social Security Administration did not intend to impose a burdensome articulation requirement with respect to § 404.1520c(b)(2). *See* Revisions to Rules, 82 Fed. Reg. 5844-01 at *5859; *see also* 20 C.F.R. § 404.1520c(b)(1) (explaining that it is not "administratively feasible" for the agency to articulate how it considered every pertinent factor given typically voluminous case records). Accordingly, when it revised § 404.1520c, the

agency reduced an ALJ's obligation to explain the basis for his assessment of medical opinions. *Adams v. Comm'r So Soc. Sec.*, 2023 WL 6366106 at *2 (6th Cir. Sep. 28, 2023). That action is consistent with the read-as-a-whole doctrine. Again, that doctrine dispenses with any requisite that an ALJ repeat his medical-records analysis or fact findings in every passage of a decision to which they pertain. *See e.g. McCarty v. Comm'r of Soc. Sec.*, 2024 WL 4695900 at *9 (N.D. Ohio Nov. 6, 2024) ("there is no requirement that an ALJ's rationale must come in 'tidy packaging'; courts must 'read the ALJ's decision as a whole and with common sense.'") (citing *Buckhanon ex rel J.H. v. Astrue*, 368 F. App'x 674, 678 (7th Cir. 2010)).

Finally, *Stacey*, 451 F. App'x 517, on which Plaintiff relies, does not require a different conclusion. In *Stacey*, the ALJ's decision was so sparse that it was impossible to discern whether he had in fact rejected one doctor's opinion in favor of another's much less why he had done so if he had done so: "we cannot tell whether the ALJ rejected Dr. Randolph's opinion for legitimate or illegitimate reasons or whether he failed to consider it at all . . . ." *Id.* at 520. Thus, the ALJ had failed "say enough 'to allow the appellate court to trace the path of his reasoning.'" *Id.* at 519 (quoting *Diaz v. Chater,* 55 F.3d 300, 307 (7th Cir. 1995)). At the same time, if the doctor's opinion had been accepted, the claimant had a strong likelihood of success. *Id.* For these reasons, the court reversed. *Id.* at 520. The circumstances in the instant case are unlike those in *Stacey.* Here, as previously illustrated, it is possible to trace the path the ALJ took to find that Dr. Seigler's marked-limitations findings were not persuasive.

**2. Melissa Costa's Opinion**

As he did with respect to Dr. Seigler's opinion, the magistrate judge concluded that the ALJ sufficiently articulated supportability and consistency findings with respect to Costa's opinion. According to Plaintiff, the magistrate judge did not provide a sufficient rationale for that decision either. Objections, DN 20, at PageID# 1503-04. First, Plaintiff claims that the magistrate

judge "did not identify a specific analysis or explanation from the ALJ as to how [Costa's] records were unsupportive of her opinion." *Id.* at PageID# 1503. This contention mis-contextualizes the argument Plaintiff presented below. There, Plaintiff argued that the ALJ erred by limiting his supportability analysis to the check-box nature of Costa's opinion:

> While it is true that Ms. Costa's opinions were provided by checked boxes, that does not mean that the ALJ could simply ignore them and classify them as unpersuasive. The ALJ was obligated to consider Ms. Costa's opinions in relation to the record as a whole. The ALJ did not do that here. The ALJ only looked at the four corners of Ms. Costa's assessment. That narrow view of the record was improper.

Plaintiff's Brief, DN 14, at PageID# 1456-57. The magistrate judge addressed this challenge, noting that such check-box opinions may be properly discredited based on their form and the fact that they do not cite test results, observations or other objective findings. Report, DN 19, at PageID# 1494. He also showed that, contrary to Plaintiff's argument, the ALJ looked outside the four corners of Costa's opinion to her own treatment records by noting the ALJ's express statement to that effect. *Id.* (citation omitted). Moreover, Plaintiff has not provided any authority for the proposition that the magistrate judge was required to provide a robust rationale when a simple reference to the record sufficed to show that Plaintiff's four-corners contention was incorrect.

For his second assignment of error Plaintiff repeats this assertion: "the mere recitation of medical records, especially when they cut both ways, should not be considered a sufficient analysis or explanation as to why the claimant's own treating provider's records were being rejected." Objections, DN 20, at PageID# 1503. Plaintiff again contends that like the ALJ, the magistrate judge's consistency rationale consists of no more than such a recitation. Thus, according to Plaintiff, reference to any part of the ALJ's decision cannot possibly support the conclusion that the decision contains a consistency analysis much less a sufficient one. For this reason, the magistrate judge's opposite conclusion is error. *Id.* Again, this objection is premised on and thereby does no

more than repeat the same lack-of-consistency-rationale argument that the magistrate judge entertained and rejected. As such, it does not identify error. Instead, it merely articulates disagreement and for that reason it is without merit. *Depweg v. Comm'r of Soc. Sec.*, 2015 WL 5014361, at *1. It is also substantively incorrect.

As this Court has illustrated, the ALJ's decision does more than merely recite the content of medical records, it includes an assessment of those records with respect to whether they supported marked imitations. Based on his review of the longitudinal record which the ALJ summarized, he concluded that Plaintiff has not displayed any symptoms "that would indicate a marked mental limitation." 03/19/24 Decision, Admin. Rec., DN 11, at PageID# 55. If there are no symptoms that indicate marked limitations, then common sense dictates there would be no symptoms of extreme limitations which are greater in degree. Accordingly, the ALJ found that "none of [Costa's] findings regarding marked or extreme limitations are supported by the evidence." *Id.* at PageID# 56.

Plaintiff's remaining objections assert error by the ALJ, not the magistrate judge, and otherwise improperly present new arguments. Plaintiff contends that that the ALJ erred when he said Costa did not provide a function by function analysis to support her opinion because Costa provided "a specific degree of limitation for a specific work-related area." Objections, DN 20, at PageID# 1504. Additionally, Plaintiff argues that

> The ALJ's brief consideration of the "B" criteria at step two, which is a consideration of severity when discussing the listings, is not a proper consideration of the claimant's ability to function in a work setting. Thus, this Court should reverse the ALJ's decision and remand this case for further proceedings.

*Id.* at PageID# 1504. Plaintiff did not present these arguments in his initial brief. Thus, the magistrate judge had no opportunity to consider them. Plaintiff cannot raise them at this stage. They are forfeit. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (plaintiff forfeits a "claim raised for the first time in objections to a magistrate judge's report.") (citations omitted).

Lastly, Plaintiff takes issue with certain dicta in the Report. The magistrate judge noted that while Costa may be considered a medical source, she is not an "acceptable medical source" as defined by certain regulations. Report, DN 19, at PageID# 1494. The Report acknowledges that the parties did not raise this issue. *Id.* Plaintiff contends that the magistrate judge's comment misses the mark for this reason and is otherwise "legally incorrect." Objections, DN 20, at PageID# 1502-03. That is, according to Plaintiff, the magistrate judge's passing remarks are superfluous: "The issue is not about whether a specific limitation was severe or not or whether an impairment existed. The issue is about whether Costa's opinions were properly evaluated." *Id.* at PageID# 1502. That is accurate and the magistrate judge's decision turned on that issue in light of his proper application of the read-as-a-whole doctrine:

> Having reviewed the medical and other evidence, particularly the facts and sources relied upon by the ALJ in rejecting the disabling opinions of Dr. Seigler and Ms. Costa when formulating the RFC, the undersigned finds that the ALJ's Decision stands solidly on substantial evidence. The ALJ's Decision—when read as a whole—articulates "an accurate and logical bridge between the evidence and [the ALJ's] conclusion.

Report, DN 19, at PageID# 1495. Given this holding, Plaintiff is correct, the Report's comments as to whether Costa is an "acceptable medical source" are unnecessary to the decision in this case. Thus, those comments are obiter dictum and as such do not require adoption. DICTUM, Black's Law Dictionary (12th ed. 2024) ("A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.").

## CONCLUSION

Upon review of Magistrate Judge King's Report and Plaintiff's Objections, the Court finds no error in the magistrate judge's analysis that requires reversal. Accordingly, Plaintiff's Objections **(DN 20)** are **OVERRULED**. Further, the Court will adopt the magistrate judge's Report with one exception. The Court declines to adopt the following dicta:

> While not mentioned by either party, the Court finds an additional reason for rejecting Ms. Costa's check the box disabling opinions. Under the regulations, "a physical or mental impairment must be established by objective medical

> evidence from an acceptable medical source." 20 C.F.R. § 404.1521. A licensed professional counselor associate such as Ms. Costa is not listed as an "acceptable medical source" within the definition set forth by the regulations. *See* list of acceptable medical sources at 20 C.F.R. §§ 404.1502(a)(1)-(5); 416.902(a)(1)-(5).

Report, DN 20, at PageID# 1494. The remainder of the Report is **HEREBY ADOPTED** in its entirety as the Opinion of the Court and is incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being no just reason for delay, this is a final Order.

September 22, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**